UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARLA and JAMES HEDRICK, JR.,

   Plaintiffs,

v.

FREDERICK J. COLEMAN, et al.,

   Respondent.

               /

Case No. 05-73707

United States District Judge
Arthur J. Tarnow

Magistrate Judge
Mona K. Majzoub

## ORDER DISMISSING PLAINTIFFS' COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

### I.  BACKGROUND

  This case appears to arise out of a foreclosure proceeding currently pending in the State of Michigan 36th District Court.  Plaintiffs claim that the foreclosure action violates their rights as Sovereign American Moors, Truth-In-Lending Regulation Z, and their land patent rights.

  On October 4, 2005, this Court issued an order to show cause why Plaintiffs' claims should not be dismissed for lack of subject matter jurisdiction and directing plaintiffs to file a more definite statement [DE 3].

  On October 6, 2005, Plaintiffs responded to the show cause order.  Plaintiffs' response consists of a cover letter and two exhibits.  Exhibit A is a copy of a "complaint to quiet title" filed by Plaintiffs in state court.  In their state court complaint, Plaintiffs allege breach of contract, fraudulent concealment, fraud in the factum, non-bona fide signatures and original promissory note.  Plaintiffs complaint was filed on October 4,

Hedrick v. Coleman, et al.
05-73707

2005, the same day that Plaintiffs filed their complaint and emergency motion to stay in this court.

Plaintiff claims that Exhibit B is a "filing for land patent for property in dispute." Exhibit B is a copy of a receipt from the Wayne County Register of Deeds' office. It purports to show that the County Register received a quit-claim deed from Plaintiffs on October 6, 2005, the same day Plaintiffs responded to this court's show cause order.

## II. DISCUSSION

### A. Standard of Review

The Court should liberally construe the complaints of *pro se* plaintiffs and should not hold such complaints to the same stringent standard as formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520; 92 S.Ct. 594; 30 L.Ed.652 (1972). *Pro se* complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. *Hughes v. Rowe*, 449 U.S. 5, 10; 101 S.Ct. 173; 66 L.Ed. 163 (1980). However, it is not the role of the court to guess the nature of the claims asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6thCir. 1989); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

### B. Subject Matter Jurisdiction

"The court must find jurisdiction before determining the validity of a claim." *Gould, Inc. v. Pecniney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988); *citing Bell v. Hood*, 327 U.S. 678, 682; 66 S.Ct. 773, 776; 90 L.Ed. 939 (1946). The burden of proving jurisdiction is on the plaintiff. *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Plaintiffs' complaint, emergency order to stay, and response to the Court's show

Hedrick v. Coleman, et al.
05-73707

cause order reveal that the issues in this case are properly before the state court, who must determine the validity of the disputed mortgage documents.

Plaintiffs have also not established that their purported land patent provides a basis for federal jurisdiction. Black's Law Dictionary defines a land patent as "[a]n instrument by which the government conveys a grant of public land to a private person." BLACKS LAW DICTIONARY ___ (7th Ed. 1999). Plaintiffs' production of a receipt showing that they recorded a quit claim deed does not establish the existence of a land patent, as defined. Even if it did, Plaintiffs do not explain how such a recording could provide federal jurisdiction over this foreclosure action from state court.

In addition, Plaintiffs appear to argue that their status as Sovereign American Moors vests this Court with subject matter jurisdiction over their claims involving the mortgage foreclosure. However, the foreclosure action appears to be unrelated to Plaintiffs' status as Sovereign American Moors. Such status is not enough, in itself, to vest the Court with subject matter jurisdiction

Finally, Plaintiffs appear to argue that their claim that Defendants violated "Truth-In-Lending Regulation Z" vests this Court with subject matter jurisdiction. This claim may provide a basis for federal jurisdiction. However, the Court will abstain from deciding Plaintiffs' regulation Z claim because of the pending action in state court.

### C. Abstention

Plaintiffs are essentially asking the court to intervene in a state court foreclosure action without any basis for federal jurisdiction. Even if there were a basis for federal jurisdiction, such relief is clearly barred by the abstention doctrine set forth in the Anti-Injunction Act, 28 U.S.C. § 2283, which states:

3

Hedrick v. Coleman, et al.<br>05-73707

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.

Plaintiffs' claims are also barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), where the Supreme Court advised federal courts to abstain from deciding a matter that would be properly before them but for the pendency of state criminal proceedings in the matter.  This rule also applies to state civil proceedings, as to which federal courts should abstain if: (1) the state proceedings are pending; (2) that the state proceedings involve an important state interest; and (3) that the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims.  *Nilsson v. Rupprt, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir. 1989) (citing *Penzoil Co. v. Texaco Inc.*, 481 U.S. 1 (1987)).

In this case, Plaintiffs' state court complaint, submitted as an exhibit to their response to this Court's show cause order, demonstrates that the issues presented in the state court action are identical to those presented in the federal action.  Therefore, the Court finds that the state court action will afford Plaintiffs an adequate opportunity to raise all of the claims that they would assert in this Court.

### III.  CONCLUSION

For the foregoing reasons,

Hedrick v. Coleman, et al.<br>05-73707

IT IS HEREBY ORDERED that Plaintiffs' complaint is DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Plaintiffs' complaint is DISMISSED in favor of the pending state court action.

SO ORDERED.

        s/ Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated: October 19, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 19, 2005 by electronic and/or ordinary mail.

        s/Theresa E. Taylor
        Case Manager